| | |
|---|---|
| **MARK BRNOVICH**<br>**ATTORNEY GENERAL**<br>(Firm State Bar No. 14000) | **WILENCHIK & BARTNESS PC** |
| Joseph A. Kanefield (No. 15838)<br>Brunn (Beau) W. Roysden III (No. 28698)<br>Drew C. Ensign (No. 25463)<br>James K. Rogers (No. 27287)<br>2005 N. Central Ave<br>Phoenix, AZ 85004-1592<br>Phone: (602) 542-8540<br>Joseph.Kanefield@azag.gov<br>Beau.Roysden@azag.gov<br>Drew.Ensign@azag.gov<br>James.Rogers@azag.gov<br>*Attorneys for Plaintiffs Mark Brnovich and the State of Arizona* | Jack Wilenchik (No. 029353)<br>The Wilenchik & Bartness Building<br>2810 North Third Street<br>Phoenix, AZ 85004<br>Phone (602) 606-2816<br>JackW@wb-law.com<br><br>*Attorney for Plaintiff John Doe* |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mark Brnovich, in his official capacity as Attorney General of Arizona; the State of Arizona; and John Doe,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Joseph R. Biden in his official capacity as President of the United States; Alejandro Mayorkas in his official capacity as Secretary of Homeland Security; United States Department of Homeland Security; Troy Miller in his official capacity as Senior Official Performing the Duties of the Commissioner of U.S. Customs and Border Protection; Tae Johnson in his official capacity as Senior Official Performing the Duties of Director of U.S. Immigration and Customs Enforcement; Ur M. Jaddou in her official capacity as Director of U.S. Citizenship and Immigration Services; United States Office of Personnel Management; Kiran Ahuja in her official capacity as director of the Office of Personnel Management and as co-chair of the Safer Federal Workforce Task Force; General Services Administration; Robin Carnahan in her | No. 2:21-cv-01568-MTL<br><br>**MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY** |

official capacity as administrator of the General Services Administration and as co-chair of the Safer Federal Workforce Task Force; Office of Management and Budget; Shalanda Young in her official capacity as Acting Director of the Office of Management and Budget and as a member of the Safer Federal Workforce Task Force; Safer Federal Workforce Task Force; and Jeffrey Zients in his official capacity as co-chair of the Safer Federal Workforce Task Force and COVID-19 Response Coordinator

Defendants.

Plaintiff John Doe ("Plaintiff"), by and through undersigned counsel, hereby moves for leave from this Court to proceed pseudonymously.

## I.   Introduction

John Doe is a federal employee challenging the U.S. government's mandate that federal employees must receive a COVID-19 vaccine. His continued employment is contingent on compliance with the very mandate he now challenges. In addition to risking the loss of his existing employment, wider disclosure of his identity risks enormous negative consequences to his future ability to work for the federal government where he has worked his entire career.

Plaintiff does not oppose disclosure of relevant identifying information to counsel for Defendants, provided that such information and his identity is protected from disclosure beyond counsel in this case and is not disclosed to Defendants themselves or to the public at large. Should identifying information be necessary to adjudicate a claim or defense in this action, it should be filed under seal.

## II.   Background

Plaintiff has been an employee of the Federal government for 30 years. He works at a federal worksite located within the State of Arizona. He has an exemplary personnel record, and no record of prior discipline, with "Outstanding" performance evaluations the past two years (which is the highest possible) and nothing in recent memory below "excellent" (which is the next highest evaluation). He strongly opposes the COVID-19 vaccine, and he has not taken it. He also opposes Defendants' vaccine mandate and has no intention of complying with it.

Plaintiff Doe has requested a medical exemption from Defendants' federal employee vaccine mandate. Given the limited and strict approach Defendants have applied to exemption requests, and reports that nearly all such requests are being denied, Plaintiff Doe expects that his medical exemption request will be denied.

Defendants have instructed federal agencies to discipline and remove employees who refuse the vaccine, and Plaintiff expects that this will be his fate, absent relief from this Court. Moreover, Defendants have made a number of negative and critical remarks about those who refuse to take the vaccine, and Plaintiff reasonably fears that he will be subject to retaliation for challenging the mandate. Having been involved in numerous internal investigations as a local investigator who is assigned to retrieve data regarding targets of investigation and reviewing investigative reports, Plaintiff is keenly aware of the lengths DOJ will travel to assault the character and employment status of their targets. He is aware of searches of social media accounts, government e-mail accounts, government issued phones and vehicle tracking for non-criminal policy violations. These tactics have no constraints in a non-criminal investigation when conducted on government property.

### III.     Legal Standard

When "pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating" five factors. *Does I thru XII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). The factors are "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010) (cleaned up).

### IV.     Argument

Here, all five factors weigh in favor of granting pseudonymity, or are at least neutral.

The severity of the threatened harm is at minimum the stakes of the underlying action: federal employees stand to lose their jobs if they do not comply with the mandate. John Doe could be removed from his position and have his duties reassigned pending

disciplinary action for non-compliance with the edict. The final action would be removal. The potentially career-ending harm Plaintiff faces weighs in favor of granting pseudonymity.

Plaintiff is at the mercy of Defendants with respect to his job. Plaintiff Doe has not yet taken the vaccine and will not take it. According to his claim in this case, he is in clear violation of the mandate and is therefore subject to discipline and eventual termination. His absolute vulnerability to retaliation weighs in favor of granting pseudonymity.

Plaintiff's fear of retaliation is entirely reasonable. Indeed, the challenged mandate promises that retaliation. Defendants have made a host of ominous and threatening comments related to their vaccine mandate, starting with President Biden's statement that his "patience is wearing thin." First Amended Complaint ¶ 7. Plaintiff's reasonable fear of retaliation weighs in favor of granting pseudonymity.

Defendants will not be prejudiced in this action by Plaintiff's pseudonymity. Plaintiff agrees to disclose identifying information to counsel for Defendants as necessary to support a claim or defense, provided such information is not disclosed further, and only filed under seal in this action. This factor is neutral.

The public interest weighs in favor of granting Plaintiff's motion because it will allow "extremely controversial and very important issues" to be "decided on the merits." *Kamehameha Schools*, 596 F.3d at 1042-43. And while it might appear on the surface that pseudonymity would be in tension with "the common law rights of access to the courts and judicial records," there is no conflict here. The public's interest in identifying *this* Plaintiff is at best minimal. Across the country, a multitude of employees affected by vaccine mandates are filing similar claims against their employers, including against Defendants. Each such plaintiff shares a common concern about the constitutionality and legality of vaccine mandates, while at the same time, specific identifying information about a particular plaintiff challenging such mandates has little public relevance and no

bearing on the validity or invalidity of his claims. The public's interest in permitting pseudonymity to resolve these legal issues therefore outweighs its interest in specific disclosure of identifying information in this case.

## V.     Conclusion

Plaintiff respectfully requests this Court (1) permit him to proceed herein using the fictitious name "John Doe;" (2) direct all parties to refer to him by this fictitious name in all filings; (3) direct all parties to redact his real name from any court filings or exhibits thereto; (4) where redaction is futile, file identifying information only under seal, and afford such other and further relief as may be just and proper.

RESPECTFULLY SUBMITTED this 22nd of October, 2021.

**WILENCHIK & BARTNESS PC**

By: /s/   Jack Wilenchik  (with permission)
     Jack Wilenchik (No. 029353)

*Attorney for Plaintiff John Doe*

**MARK BRNOVICH**
**ATTORNEY GENERAL**

By: /s/ James K. Rogers
     Joseph A. Kanefield (No. 15838)
     Brunn W. Roysden III (No. 28698)
     Drew C. Ensign (No. 25463)
     James K. Rogers (No. 27287)

*Attorneys for Plaintiffs Mark Brnovich and the State of Arizona*