BRIAN M. BOYNTON
Acting Assistant Attorney General

CHRISTOPHER HALL
Assistant Directors

JOSEPH J. DEMOTT
CHRISTOPHER LYNCH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 514-3367
Email: joseph.demott@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mark Brnovich *et al.*,<br><br>   Plaintiffs,<br><br>   vs.<br><br>Joseph R. Biden, *et al.*,<br><br>   Defendants. | No. 2:21-cv-01568-MTL<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED BRIEFING SCHEDULE (DKT. 17)** |

Earlier today, Plaintiffs filed a motion for temporary restraining order and preliminary injunction ("PI") consisting of 34 pages—double the page limit permitted by Local Rule 7.2(e). *See* ECF No. 34 ("Pls.' Mot. for PI"). Shortly thereafter, Plaintiffs moved for an expedited briefing schedule on their overlength motion for preliminary relief. *See* ECF No. 36 ("Pls.' Mot. to Expedite"). Under Plaintiffs' requested schedule, Defendants' opposition to the proposed PI motion would be due on October 27, 2021 and Plaintiffs' reply brief would be due on October 29, 2021. Defendants oppose Plaintiffs' motion to expedite and respectfully request that the Court follow the normal briefing schedule set forth in Local Rule 7.2, under which Defendants' opposition would be due on November 5, 2021, and Plaintiffs' reply would be due on November 12, 2021.

Plaintiffs contend that an expedited briefing schedule is necessary in light of "the vaccination deadlines approaching and their effect." *Id.* at 2. Plaintiffs reference guidance from the Safer Federal Workforce Task Force ("Task Force"), under which federal employees must generally be vaccinated by November 22, 2021, *see* Task Force, COVID-19 Workplace Safety: Agency Model Safety Principles at 1 (updated Sept. 13, 2021), https://perma.cc/7NZX-KUE6, as well as guidance under which certain employees of federal contractors must be fully vaccinated no later than December 8, 2021, *see* Task Force, COVID-19 Workplace Safety: Guidance for Federal Contractors and Subcontractors (Sept. 24, 2021), https://perma.cc/3BDM-L94M.

Only one Plaintiff is an individual who might be subject to the challenged federal vaccination requirements. That individual, a federal employee who is unwilling to become vaccinated and seeks to proceed under the pseudonym John Doe, *see* Mot. for Leave to Proceed Pseudonymously, ECF No. 16 ("Pseudonym Mot."),[1] allegedly "faces the heavy economic harm of losing his job, and thus his income." Pls.' Proposed PI Mot. at 30. Plaintiff Doe's situation does not justify ordering expedited briefing here for two independent reasons.

*First*, it is exceedingly unlikely that Plaintiff Doe would face any adverse employment consequences before the PI motion would be fully briefed under the normal schedule set forth in Local Rule 7.2. Per the Task Force's guidance, the *earliest* date on which agencies may initiate an enforcement process against federal employees who refuse to be vaccinated is November 9, 2021. Task Force, Frequently Asked Questions ("FAQs"), Vaccinations, Enforcement of Vaccination Requirement for Employees, (last visited Oct. 22, 2021), https://perma.cc/8YT4-TCMY ("Enforcement FAQs"). The enforcement process is to begin with a five-day period of education and counseling regarding the benefits of vaccination and ways to obtain the vaccine, meaning that the earliest date on which Plaintiff Doe could face *any* workplace discipline would be Monday, November 15,

---

[1] While this brief refers to the individual as "Plaintiff Doe" for ease of reference, Defendants reserve their right to oppose the pending Motion to Proceed Pseudonymously.

- 2 -

2021. Under the normal briefing schedule, the proposed PI motion would be fully briefed before that date.

What is more, it is speculative whether Plaintiff Doe will *ever* face adverse employment consequences because he has requested a medical exception to the federal employee vaccination mandate. *See* Pseudonym Mot. at 2. This request might be granted, which would moot the case with respect to Plaintiff Doe. And under Task Force guidance, Plaintiff Doe will not be subject to discipline while his request for an exception is under consideration—even if his request remains pending beyond November 9. *See* Enforcement FAQs. Further, if Plaintiff's Doe's exception request were denied, he would be given an additional two weeks from the denial within which to receive the first (or only) dose of a COVID-19 vaccine before being subject to discipline. *See* Task Force, FAQs, Vaccinations, Limited Exceptions to Vaccination Requirement, (last visited Oct. 22, 2021), https://perma.cc/8YT4-TCMY ("Exception FAQs").

*Second*, Plaintiff Doe would not be irreparably harmed by any adverse employment consequences that might occur while the pending PI motion is litigated. Courts have repeatedly held that the economic harm associated with termination of employment—the most severe harm Plaintiff Doe could potentially face here—does not constitute irreparable injury for purposes of a preliminary injunction. *See Sampson v. Murray*, 415 U.S. 61, 88–91 (1974); *Hartikka v. United States*, 754 F.2d 1516, 1518 (9th Cir. 1985); *Addington v. US Airline Pilots Ass'n*, 588 F. Supp. 2d 1051, 1068 (D. Ariz. 2008); *see also, e.g.*, *Garcia v. United States*, 680 F.2d 29, 31–32 (5th Cir. 1982) (observing that "[i]t is practically universal jurisprudence in labor relations in this country that there is an adequate remedy for individual wrongful discharge after the fact of discharge," *i.e.*, "reinstatement and back pay"). Thus, to whatever extent Plaintiff Doe "faces the heavy economic harm of losing his income," Pls.' Mot. for PI at 30, it does not constitute irreparable harm—much less does it justify giving Defendants just three days to brief their opposition to a 34-page motion for preliminary injunction.

For its part, Plaintiff Arizona claims that federal vaccination policies will harm its economy. But its conclusory assertions of economic harm fall well short of justifying the entry of an expedited briefing schedule. Arizona vaguely claims that unspecified businesses "will either have to fire valuable employees, or give up lucrative government contracts," *id.* at 29, but fails to reference any particular business that is at risk of imminent harm due to the challenged policies, much less the cancellation of contracts or how such imagined losses constitute irreparable harm. Similarly, Arizona claims that it "will suffer direct economic loss" because "some Arizona state agencies are federal contractors," but it fails to specify any such agency, to allege that the agency imminently "face[s] the loss of federal funds and contracts," *id.* at 30, or to explain how such losses would constitute irreparable harm.

In fact, Executive Order 14042 instructs federal agencies to incorporate vaccination requirements into "contracts and contract-like instruments," "to the extent permitted by law." 86 Fed. Reg. 50,985. The specifics of how federal agencies will incorporate vaccination requirements into existing or future contracts will necessarily vary based on the specific details of each contract, and Plaintiffs fail to specify a single contract involving the State of Arizona that will be modified during the three weeks devoted to briefing under the normal schedule set forth in Local Rule 7.2. Vague, conclusory allegations of the sort offered by Plaintiffs are insufficient to survive a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure. They certainly do not justify giving Defendants just three business days to brief their opposition to a lengthy motion for preliminary injunction raising numerous constitutional and statutory issues.

Furthermore, any exigency that exists here is of Plaintiffs' own making. The challenged Executive Orders were issued on September 9, 2021, and the vaccination deadlines that Plaintiffs cite as "requiring an expedited briefing schedule" were announced at that time or shortly thereafter. *See* Exec. Order 14042 (Sept. 9, 2021); Exec. Order 14043 (Sept. 9, 2021); *see also* Contractor Guidance (issued Sept. 24, 2021). Plaintiffs filed a 14-page complaint on September 14, 2021, containing a single claim that the

Executive Orders "discriminat[e] on the basis of national origin and alienage in violation of the Equal Protection Clause."  Compl. ¶ 41, ECF No. 1.  The complaint contains no allegations about irreparable harm or indication that Plaintiffs intended to seek preliminary relief.  Plaintiffs apparently spent the next five-and-a-half weeks preparing a 52-page Amended Complaint that is much broader than the original.  In addition to adding a new Plaintiff and several new Defendants, the Amended Complaint contains ten additional claims challenging federal vaccination policies (as well as claims directly challenging alleged immigration policies), raising numerous factual and legal issues not found in the original complaint.  Immediately after filing the Amended Complaint and a 34-page motion for preliminary relief, Plaintiffs filed—without prior notice to Defendants or an opportunity to meet and confer[2]—the present motion for expedited briefing.  This type of behavior should not be rewarded.  Forcing the Government to respond to Plaintiffs' overlength motion in a matter of days, due to a purported time crunch that is of Plaintiffs' own making, on the basis of flimsy allegations of harm, would not serve judicial economy and would unfairly prejudice the Government.  The default schedule contemplated by the Local Rules should prevail.

Respectfully submitted this 22nd day of October,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Director

*/s/ Joseph J. DeMott*
JOSEPH J. DEMOTT
CHRISTOPHER LYNCH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 514-3367

---

[2] Prior to filing this opposition, undersigned counsel called Plaintiffs' counsel and attempted to negotiate a mutually agreeable briefing schedule.  The parties were not able to reach an agreement.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Email: joseph.demott@usdoj.gov

*Attorneys for Defendants*