**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Brnovich, et al., | No. CV-21-01568-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Joseph R Biden, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff John Doe's Motion for Leave to Proceed Pseudonymously. (Doc. 16.) For the following reasons, Plaintiff's Motion is denied.

**I.    BACKGROUND**

Plaintiff is a Federal employee working in the State of Arizona. (Doc. 14 at ¶ 27.) He "strongly opposes the COVID-19 vaccine," has not received the vaccine, and does not intend to comply with the Federal employee vaccine mandate. (*Id.*) Though Plaintiff has requested a medical exemption from the vaccine mandate, Plaintiff "expects that his medical exemption request will be denied." (*Id.*) Because Plaintiff alleges "disclosure of his identity risks enormous negative consequences to his future ability to work for the federal government," he filed this Motion for Leave to Proceed Pseudonymously. (Doc. 16 at 3.)

**II.   LEGAL STANDARD**

Federal Rule of Civil Procedure 10 requires "the title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). This rule reflects the "paramount importance of open

courts" such that the "default presumption is that plaintiffs will use their true names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1046 (9th Cir. 2010). "As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (internal quotations and citations omitted).

But in "special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity," a party may proceed anonymously. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). The Ninth Circuit has identified three situations in which parties have been allowed to proceed anonymously: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *Id.* "Anonymity, however, cuts against the bedrock principle that courts and judicial records are open." *Jane Roes 1–2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015); *see also Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). District Courts have broad discretion to determine whether a plaintiff may proceed anonymously. *Advanced Textile Corp.*, 214 F.3d at 1068; *Kamehameha Schools*, 596 F.3d at 1045–1046.

### III. ANALYSIS

Plaintiff Doe seeks to proceed under a pseudonym based on concerns of retaliation.[1] (Doc. 16 at 5.) Defendants argue that Plaintiff fails to establish that an unusual or exceptional circumstance as is required to proceed pseudonymously. (Doc. 53 at 3.)

Where a pseudonym is designed to prevent retaliation, this Court must evaluate: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears,

---

[1] Because Plaintiff states he would be willing to reveal his identity to Defendants' attorneys, the Court construes Plaintiff's Motion as applying to the public's right of access to his identity. (Doc. 16.)

and (3) the anonymous party's vulnerability to such retaliation. *Advanced Textile Corp.*, 214 F.3d at 1068. This Court must also "determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Id.* Finally, the Court "must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.*

The threatened injury at stake here is that Plaintiff is subject to retaliatory workplace discipline and termination. (Doc. 16 at 4.) But this allegation does not establish (nor does Plaintiff allege) any "greater threat[s] of retaliation" than any other federal employee who does not wish to be vaccinated, or any other plaintiff challenging the vaccine mandate. *Id.* at 1070–71 (quoting *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)). Additionally, Plaintiff's supervisor is most likely already aware that Plaintiff does not wish to get the vaccine, as Plaintiff admits he has already requested a medical exemption. (Doc. 16 at 2; Doc. 14 at ¶ 27.) Moreover, the threatened injury is not dependent on John Doe's status as a Plaintiff in this case—even if the Court were to grant Plaintiff's motion, he still faces the threat of workplace discipline and termination, simply as the result of his noncompliance with the vaccine mandate. Plaintiff cites no cases supporting his contention that termination from his job rises to the level of "extraordinary," and Plaintiff does not allege physical or psychological injury. *Cf. Advanced Textile Corp.*, 214 F.3d at 1070–71 (finding "greater threat[s] of retaliation than the typical . . . Plaintiff" because plaintiffs in that case faced "deportation, arrest, and imprisonment"); *see also Doe v. Amazon.com, Inc.*, No. C11-1709MJP, 2011 WL 13073281, at *3 (W.D. Wash. Dec. 23, 2011) (finding "industry blacklisting and loss of livelihood" to be "an order of magnitude less" than the potential harm faced by plaintiffs in *Advanced Textile Corp.*). While the Court can hypothesize additional threats or adverse outcomes as the result of revealing his identity, Plaintiff did not argue anything beyond termination in his Motion. (Doc. 16 at 4.) Therefore, based on Plaintiff's arguments, this factor weighs in favor of non-pseudonymity.

Plaintiff contends his fear of retaliation is reasonable based on Defendants'

comments relating to the vaccine mandate. (Doc. 16 at 4.)  The only comment that Plaintiff cites specifically is President Biden's statement that "his patience is wearing thin."  (*Id.*)  In assessing the reasonableness of Plaintiff's fear, "[w]hat is relevant is that plaintiff[ was] threatened, and that a reasonable person would believe that the threat might actually be carried out." *Id.* at 1071.  Though a veiled threat of violence, depending on the context, is grounds for reasonable fear, "a court may disregard a comment, which is a threat on its face, because the context demonstrates frustration, a joke, or political commentary instead of a true intent to harm." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1044 (9th Cir. 2010).

The singular statement that Plaintiff cites does not raise to the level of "a threat of violence." *Id.*  The statement does not contain a threat—direct or veiled.  Even assuming the statement was a threat, it can reasonably be construed as "frustration" or "political commentary" as opposed to "a true intent to harm" Plaintiff.  *Id.* (affirming the district court's conclusion that fear of online threats of physical retaliation with racial animus against children was unreasonable).  Plaintiff cites no other threats from Defendants or third parties.  As above, this factor weighs in favor of non-pseudonymity.

As to Plaintiff's vulnerability, Plaintiff does not allege any facts showing that he is particularly vulnerable; instead, Plaintiff concludes that "[h]is absolute vulnerability to retaliation weighs in favor of granting pseudonymity." (Doc. 16 at 4.)  Because Plaintiff has failed to allege any facts showing that he is vulnerable to retaliation, this factor also weighs in favor of non-pseudonymity.

As to prejudice, Plaintiff argues any potential prejudice is negated by Plaintiff's willingness to disclose his identity to Defendants, but not the public at large.  Defendants counter that Plaintiff's identity is crucial to the jurisdictional arguments Defendants have raised. (Doc. 53 at 5.)  Defendants present no argument as to how they are potentially prejudiced (given Plaintiff's willingness to disclose his identity to Defendants' counsel) besides logistical issues.  (*Id.*)  As Defendants recognize, these logistical issues could be mediated through a protective order, sealed filings, and closed hearings.  (*See id.*)  As such,

this factor weighs in favor of pseudonymity.

Finally, as to the public interest, Plaintiff argues that the public has "minimal" interest in identifying him due to the number of plaintiffs filing similar claims. (Doc. 16 at 4; Doc. 67 at 2.) Plaintiff asserts that his personal information "has little public relevance and no bearing on the validity of his claims." (Doc. 16 at 4–5.) Though the Court agrees that this is an "extremely controversial and very important issue[]," Plaintiff fails to show how the existence of other similarly-situated plaintiffs (or potential plaintiffs) overcomes the strong presumption of "common law rights of access to the courts and judicial records." *Kamehameha Schools*, 596 F.3d at 1042–43.[2] Plaintiffs likewise fail to demonstrate how the public interest is served by permitting him to proceed pseudonymously. *See Advanced Textile Corp.*, 214 F.3d at 1068. At best, this factor is neutral.

Balancing the factors, Plaintiff has not demonstrated a reasonable threat of severe harm great enough to overcome the presumption in favor of access to judicial records.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED denying** Plaintiff's Motion for Leave to Proceed Pseudonymously. (Doc. 16.)

**IT IS FURTHER ORDERED** that Plaintiffs shall file an amended complaint adding John Doe's true name by **Monday, December 20, 2021 at 12:00 PM.** If Plaintiffs do not refile an amended complaint by that time, the Clerk of the Court is directed to

---

[2] Plaintiff argues in his reply brief that revealing his name "at least raises the possibility that the Defendants could try to deliberately moot out his case." (Doc. 67 at 2.) Given Plaintiff's willingness to reveal his identity to Defendants' counsel, (Doc. 16 at 2 ("Plaintiff does not oppose disclosure of relevant identifying information to counsel for Defendants[.]"), 4 ("Plaintiff agrees to disclose identifying information to counsel for Defendants as necessary[.]")), this argument is unpersuasive. Plaintiff's allegation here of "the possibility" that he might get a medical exemption as the result of his identity in this case is "too wishy-washy and speculative" and "not sufficiently absolute to sway this factor in [Plaintiff's] favor." *Doe v. Lake Oswego Sch. Dist.*, No. 3:15-CV-00385-ST, 2015 WL 5023093, at *4 (D. Or. Aug. 20, 2015) (quoting, in part, *Jessica K. v. Eureka City Schs. Dist.*, No. C 13–05854 WHA, 2014 WL 689029, at *2 (N.D. Cal. Feb. 21, 2014)).

dismiss John Doe without prejudice without further order of the Court.

**IT IS FURTHER ORDERED** that Defendants may file a supplemental brief, not to exceed seven pages, addressing any changes to their position that may arise upon being notified of John Doe's true name. This brief is due no later than **Thursday, December 23, 2021 at 11:59 PM.**

**IT IS FINALLY ORDERED** that Plaintiffs may submit a seven-page reply to Defendant's supplemental response brief no later than **Wednesday, December 29, 2021 at 11:59 PM.**

Dated this 15th day of December, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge