Eric M. Fraser, 027241
Joshua D. Bendor, 031908
Hayleigh S. Crawford, 032326
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012
(602) 640-9000
efraser@omlaw.com
jbendor@omlaw.com
hcrawford@omlaw.com

Attorneys for Defendant City of Phoenix

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Brnovich, in his official capacity as Attorney General of Arizona; the State of Arizona; John Doe; Phoenix Law Enforcement Association ("PLEA"); and United Phoenix Firefighters Association Local 493, <br><br> Plaintiffs, <br><br> vs. <br><br> Joseph R. Biden in his official capacity as President of the United States, et al., <br><br> Defendants. | No. CV-21-01568-MTL <br><br><br> **DEFENDANT CITY OF PHOENIX'S SUR-REPLY TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

Defendant the City of Phoenix hereby responds to the new arguments and requests for relief made for the first time in Plaintiffs Phoenix Law Enforcement Association's and United Phoenix Firefighters Association Local 493's Reply (Doc. 123) to Phoenix's Response to Motion for Preliminary Injunction (Doc. 109).

## BACKGROUND

On November 19, 2021, Plaintiffs Mark Brnovich, the State of Arizona, John Doe, Phoenix Law Enforcement Association ("PLEA"), and United Phoenix Firefighters

1    Association Local 493's ("Local 493") filed a Third Motion for Preliminary Injunction
2    (Doc. 72) (the "PI Motion").  Plaintiffs seek injunctive relief based on three claims: the
3    federal Procurement Act claim (Count I), the federal Procurement Policy Act claim
4    (Count II), and the Anti-Commandeering claim (Count VI).  Doc. 72 at 17-24.[1]

5        In its response (Doc. 109), Phoenix pointed out that the PI Motion does not discuss
6    any claims against Phoenix and that the proposed order requests injunctive relief that does
7    not apply to Phoenix.  Phoenix therefore requested that the Court deny the PI Motion or,
8    alternatively, exclude it from any injunction that may be granted against the federal
9    defendants.

10       The State Plaintiffs (Brnovich, the State of Arizona, and John Doe) filed their reply
11   in support of the PI Motion on December 8, 2021 (Doc. 112).  Like the PI Motion, the
12   State Plaintiffs' reply focused exclusively on the federal defendants and did not ask the
13   Court to enjoin Phoenix.

14       A week later, the Local Plaintiffs (PLEA and Local 493) filed a separate reply
15   directed at Phoenix (Doc. 123) (the "Reply"), along with an amended form of proposed
16   order (Doc. 123-2).  The Reply requests, for the first time, that the Court grant the PI
17   Motion against Phoenix as well.  Doc. 123 at 2.  Although the Local Plaintiffs describe
18   Phoenix "as a relief defendant," included in the complaint only because of its
19   implementation of the federal government's mandate, they nonetheless contend that the
20   Court should include Phoenix in the injunction "because the requested relief would
21   necessarily apply to it."  *Id.*  On this basis, they propose the Court order that "Defendant
22   City of Phoenix shall not impose any COVID-19 vaccination requirement on its
23   employees."  Doc. 123-2 at 1, ¶ 5 (proposed order).

24

25

26   _____

27   [1] The plaintiffs have since clarified that only Count 1 (federal Procurement Act), Count
     IV (due process), and Count VI (anti-commandeering) are asserted against the City of
28   Phoenix.  Doc. 128 at 2.  The remaining claims are alleged against the federal defendants
     only.

**ARGUMENT**

The Court should reject the plaintiffs' belated attempt to add Phoenix to its PI Motion for at least two reasons.

**I.     Plaintiffs cannot show a likelihood of success on the merits against Phoenix.**

First, Plaintiffs have made no attempt to establish that they are likely to succeed on the merits of their claims against Phoenix. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits"). The PI Motion relies on three claims, only two of which are asserted against Phoenix: the federal Procurement Act claim (Count I) and the Anti-Commandeering claim (Count VI). Doc. 72 at 17-24; Doc. 128 at 1. As discussed in Phoenix's initial response, however, the PI Motion does not identify any Procurement Act provisions for which Phoenix could be held responsible here. Doc. 109 at 2-3. Nor does the PI Motion claim Phoenix has violated the Anti-Commandeering Doctrine, which prevents the federal government—not local municipalities—from commandeering state governments. *Id.*

The Reply is likewise silent regarding the merits of the claims against Phoenix. *See* Doc. 123. The Local Plaintiffs do not even attempt to show a likelihood of success. Instead, they contend that the Court should enjoin Phoenix because it might comply with the contactor mandate if the present nationwide injunction is lifted. Doc. 123 at 2. Hypothetical future conduct aside, Plaintiffs must still show a likelihood of success on the merits of their claims against Phoenix before they can obtain injunctive relief. They have not. They still have not shown how the federal Procurement Act or the Anti-Commandeering Doctrine could possibly apply to a municipality, let alone what actions Phoenix has taken that would violate them.

Moreover, Plaintiffs have stipulated that "they do not allege that Phoenix is liable under or has breached the duties alleged in Counts I, IV, or VI." Doc. 128 at 2. This stipulation necessarily means that Plaintiffs cannot establish that they are likely to succeed on the merits. To succeed on the merits, Plaintiffs must show that they will

1    succeed on one or more of their claims against Phoenix in particular.  But if Phoenix is

2    not liable and has not breached the duties in the relevant claims, then the claims will not

3    succeed and Plaintiffs can obtain no relief.

4    **II.      The Declaratory Judgments Act does not permit relief against Phoenix as a**

5    **          "relief defendant."**

6             Plaintiffs try to dodge their obligation to show a likelihood of success by

7    contending that they assert claims against Phoenix "as a relief defendant only" under the

8    Declaratory Judgments Act, 28 U.S.C. § 2201 (the "Act").  Doc. 128 at 2.  Relying on

9    *Standard Ins. Co. v. Saklad*, 127 F.3d 1179 (9th Cir. 1997) and *Hornish v. King Cnty.*,

10   899 F.3d 680 (9th Cir. 2018), they claim that the Act allows them to name any party who

11   would have standing to seek a federal remedy as a so-called "relief defendant."  Doc. 128

12   at 2 ("the test for whether a defendant is a proper relief defendant under 28 U.S.C. § 2201

13   is whether the court 'would have jurisdiction had the declaratory relief defendant been a

14   plaintiff seeking a federal remedy.'").

15            But establishing jurisdiction for purposes of the Declaratory Judgments Act is not

16   a substitute for establishing entitlement to substantive relief against Phoenix.  Even if the

17   Court has jurisdiction, Plaintiffs still must establish a claim against Phoenix to obtain

18   relief.  And here, Plaintiffs admit that "they do not allege that Phoenix is liable under or

19   has breached the duties alleged in Counts I, IV, or VI."  Doc. 128 at 2.  Describing

20   Phoenix as a "relief defendant" under the Act does not change the fact that Plaintiffs do

21   not—and cannot—establish a likelihood of the success on the merits of a claim against

22   Phoenix.  *See* Doc. 123 at 2; Doc. 128 at 2.

23            Neither of the cases cited by Plaintiffs show otherwise.  Both *Standard Insurance*

24   and *Hornish* concern jurisdiction under the Act.  In fact, neither case uses the term "relief

25   defendant."  Those words appear only when describing a "declaratory relief defendant"—

26   i.e., the defendant in a declaratory relief action.  *Standard Ins.*, 127 F.3d at 1181; *Hornish*,

27   899 F.3d at 691 n.2 (quoting *Standard Insurance*).

28

4

Even if the Court could award relief against a party based solely on jurisdiction under 28 U.S.C. § 2201, however, Phoenix is not "properly named as a relief defendant" because it could not sue PLEA and Local 493 if the roles were reversed. *See* Doc. 128 at 2. The jurisdictional test applied in *Standard Insurance* and *Hornish* is reciprocal. That is, if a declaratory judgment defendant would have standing to enforce its rights as a plaintiff in federal court *if the parties were switched*, jurisdiction is proper. *Standard Ins.*, 127 F.3d at 1181 ("in a sense [the court] can reposition the parties in a declaratory relief action by asking whether [it] would have jurisdiction had the declaratory relief defendant been a plaintiff seeking a federal remedy").

This reciprocal test makes sense. The Declaratory Judgments Act allows a party to seek judicial resolution of a dispute before committing an alleged breach or violation, without requiring it to "stand fast and await a lawsuit" by the other side. *Standard Ins.*, 127 F.3d at 1181. Thus, confirming that a defendant could sue the plaintiff if the roles were reversed is a good shorthand test for jurisdiction under 28 U.S.C. § 2201.

In *Standard Insurance*, for example, the Ninth Circuit held that it had jurisdiction over a suit by Standard Insurance seeking a declaratory judgment against a beneficiary of an insured retirement plan (Saklad) because, "if Standard had refused to pay the benefits required by the terms of the [insured retirement] plan, Saklad could have brought an action to enforce payment." *Id.* at 1181. Similarly, in *Hornish*, the court concluded that it had jurisdiction in a suit by private landowners seeking a declaration that "King County only acquired a surface easement for a hiking and biking trail with the possible reactivation of a railroad pursuant to the [federal] Trails Act." 899 F.3d at 689. The court noted that King County had previously sued other private landowners claiming "that it had a legal right to the strip of land in question even if the original deed conveyed only an easement" under the Trails Act. *Id.* at 691 n.2.

Here, PLEA and Local 493 request a declaratory judgment regarding the validity of the Federal Contractor Mandate against Phoenix. The question, then, is whether Phoenix would have a federal claim against PLEA and Local 493 regarding the validity

of the Federal Contractor Mandate.  It does not.  Accordingly, Phoenix is not a proper defendant under the Ninth Circuit's test for jurisdiction under 28 U.S.C. § 2201.

**III.   Plaintiffs cannot request new relief for the first time on reply.**

Finally, Plaintiffs' attempt to expand the requested injunction on reply is improper. Plaintiffs bear the burden of establishing a prima facie case for injunctive relief.  *See Whole Woman's Health v. Jackson*, 141 S. Ct. 2494, 2495 (2021).  Having failed to make out a prima facie case in the PI Motion, Plaintiffs cannot correct that failure by introducing new issues and evidence in reply.  *See, e.g.*, *Goldberg v. Barreca*, 720 F. App'x. 877, 878 (9th Cir. 2018) (party could not raise new arguments in reply to establish prima facie case for preliminary injunction); *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir.1996) ("Issues raised for the first time in the reply brief are waived.").  The Court should therefore reject Plaintiffs' last-minute attempt to expand the PI Motion to reach Phoenix.

CONCLUSION

The Court should deny the PI Motion against Phoenix.  But if the Court does issue a preliminary injunction, the injunction should specify that it does not apply to Phoenix.

DATED this ___ day of December, 2021.

OSBORN MALEDON, P.A.


By  s/Hayleigh S. Crawford
    Eric M. Fraser
    Joshua D. Bendor
    Hayleigh S. Crawford
    2929 North Central Avenue, Ste. 2100
    Phoenix, Arizona 85012-2793

Attorneys for Defendant City of Phoenix