**MARK BRNOVICH**
**ATTORNEY GENERAL**
(Firm State Bar No. 14000)

Joseph A. Kanefield (No. 15838)
Brunn (Beau) W. Roysden III (No. 28698)
Drew C. Ensign (No. 25463)
James K. Rogers (No. 27287)
2005 N. Central Ave
Phoenix, AZ 85004-1592
Phone: (602) 542-8540
Joseph.Kanefield@azag.gov
Beau.Roysden@azag.gov
Drew.Ensign@azag.gov
James.Rogers@azag.gov

*Attorneys for Plaintiffs Mark Brnovich and the State of Arizona*

**WILENCHIK & BARTNESS PC**

Jack Wilenchik
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, AZ 85004
Phone (602) 606-2816
JackW@wb-law.com

*Attorney for Plaintiff Al Reble*

**NAPIER, BAILLIE, WILSON, BACON & TALLONE, P.C.**

Michael Napier (No. 002603)
Eric R. Wilson (No. 030053)
Cassidy L. Bacon (No. 031361)
2525 E. Arizona Biltmore Cir, Ste C-135
Phoenix, Arizona 85016
Phone: 602.248.9107
mike@napierlawfirm.com

*Attorneys for Plaintiffs PLEA and United Phoenix Firefighters Association Local 493*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Brnovich, in his official capacity as Attorney General of Arizona; *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>Joseph R. Biden in his official capacity as President of the United States; *et al.*,<br><br>    Defendants. | No. 2:21-cv-01568-MTL<br><br>**STATE PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

**NOTICE**

Plaintiffs respectfully provide notice of a recent decision in *Florida v. Nelson*, No. 21-cv-2524 (M.D. Fl. Dec. 22, 2021) (attached), preliminarily enjoining enforcement of the Contractor Mandate in Florida. Federal courts have now ruled five times in favor of States challenging the Contractor Mandate. (*See* Docs. 101-1, 110-1, 130-4, and 137-1.) *Florida* supports Plaintiffs' pending renewed preliminary injunction motion. (Doc. 72.) In particular:

1) Florida has standing because of its "inability to modify existing contracts," "the possible denial of proposals currently submitted to the defendants," and "an immediate threat to a substantial source of income for the state." Op. at 12-17. The court cited as a specific example the University of Florida's being "trapped in a bind" of either "compl[ying] with the mandatory clause" or fulfilling its "duty to obey state law prohibiting a vaccination requirement." *Id.* at 17. Another example was that "GSA 'strongly encouraged' acceptance of the deviation and emphasized, '[t]he modification is *mandatory* before GSA will renew, extend the period of performance, ... or exercise an option, as applicable." *Id.* (alterations in original).

2) Florida had standing against the federal government "to protect against a 'sovereign injury,'" which came from the "the peculiar and condescending mechanism of an answer to" an SFWTF FAQ that "purports to 'supersede any contrary state or local law.'" *Id.* at 18-23.

3) Florida was likely to succeed in its Procurement Act challenge because "the record in this action presents only a threadbare and conclusory rationalization that is incommensurate with the boundless expansiveness of the executive order's application, with the invasiveness of the executive order's requirement, and with the intrusion of the executive order into a state prerogative with which even Congress likely cannot interfere." *Id.* at 22-27. There was an "absence in the record of evidence suggesting that in the last two years contractor absenteeism has impeded federal contracting," which "both discredits OMB's second notice and suggests a ruse, a mere contrivance, superficially attempting to justify a sweeping, invasive, and unprecedented public health requirement imposed unilaterally by President Biden." *Id.* at 28. Thus, "the extent of any procurement problem, past or future, attributable to COVID-19 is undemonstrated and is merely a hastily manufactured but unproven hypothesis about recent

history and a contrived speculation about the future. Obviously, no massive extension and expansion of presidential power is necessary to cure a non-existent problem and certainly neither 'good cause' nor 'urgent and compelling circumstances' exists to justify summary disregard of the requirements of administrative law and rulemaking." *Id.* at 29.

4) The Contractor Mandate "result[ed] in an application of dizzying expansiveness." *Id.* at 29. "[R]equiring … the vaccination clause in each subcontract …, extending and repeating like a fractal, yields results utterly detached from the proffered (but fatally flawed) 'finding.' No item in the executive order, [SFWTF] guidance, OMB's notice of determination, or the defendants' papers tethers the expansive and monolithic application of the vaccination requirement to documented need to reduce absenteeism among federal contractors' employees or to solve any real problem in procurement." *Id.* at 30-31.

5) The Contractor Mandate "intrudes into a matter traditionally committed to the state," and defendants had "identif[ied] no section of [the Procurement Act] demonstrating that Congress 'clearly intended' to authorize the President (assuming Congress can) to impose a public health requirement as a condition of a contractor's supplying services." *Id.* at 31-34.

6) The likelihood of irreparable harm to Florida, the balance of harms, and the public interest all weighed in favor of a preliminary injunction. *Id.* at 35-37.

7) "Because an injunction limited to protecting only the State of Florida and its political subdivisions (1) would likely prove unworkable given that the State of Florida is (unsurprisingly) the largest entity within the state and routinely enters federal contracts and subcontracts with entities throughout the state and (2) would fail to protect the State of Florida's quasi-sovereign interest, a preliminary injunction prohibiting enforcement of Executive Order 14042 in any covered contract in Florida warrants issuance." *Id.* at 38.

The court's reasoning on the above points is equally applicable to Plaintiffs' arguments here against the Contractor Mandate.[1]

With the issuance of the *Florida* decision, most of the requests for preliminary injunctions against the Contractor have now been decided—and *all* uniformly in favor of the

---

[1] The court reserved judgment on Florida's APA and other procedural challenges to the Contractor Mandate, pending supplemental briefing on these issues.

2

States. To briefly recap:

- The Eastern District of Kentucky granted an injunction against enforcement of the Contractor Mandate in Kentucky, Ohio, and Tennessee on November 30, 2021. *Kentucky v. Biden*, __ F.Supp.3d ___, 2021 WL 5587446 (E.D. Ky. Nov. 30, 2021)
- The Southern District of Georgia granted a nationwide injunction on December 7. *See Georgia v. Biden*, __ F.Supp.3d ___, 2021 WL 5779939, at *1 (S.D. Ga. Dec. 7, 2021). The Eleventh Circuit unanimously refused to grant the federal government's request for a stay pending appeal. *See Georgia v. President*, No. 21-14269 (11th Cir. Dec. 17, 2021).
- The Western District of Louisiana enjoined the Contractor Mandate for state entities in Louisiana, Mississippi, and Indiana on December 16. *Louisiana v. Biden*, No. 21-CV-3867, 2021 WL 5986815, at *1 (W.D. La. Dec. 16, 2021).
- The Eastern District of Missouri on December 20 enjoined enforcement of the Contractor Mandate in Missouri, Nebraska, Alaska, Arkansas, Iowa, Montana, New Hampshire, North Dakota, South Dakota and Wyoming. *See Missouri v. Biden*, No. 4:21-CV-1300 DDN (E.D. Mo. Dec. 22, 2021).
- The Middle District of Florida then enjoined enforcement in Florida two days later. *See Florida v. Nelson*, No. 21-cv-2524 (M.D. Fl. Dec. 22, 2021).

In addition to this action, preliminary injunction requests against the Contractor Mandate remains pending in (1) *Oklahoma v. Biden*, No. 21-CV-01069 (W.D. Oka.), in which briefing on the TRO/PI motion was completed as of December 13, 2021, *see* ECF. 28; and (2) *Texas v. Biden*, No. 21-CV-00309 (S.D. Tex.), which is stayed.

Excluding this Court's denial without prejudice, no request for a preliminary injunction has been denied by any district court hearing a state Contractor Mandate challenge, and the sole appellate court that has considered the issue unanimously rejected Defendants' request for a stay pending appeal of the *Georgia* injunction. All of those courts have also concluded that the plaintiff States have Article III standing.

Federal Defendants are thus now 0-5 in district court on both their standing

3

contentions and their arguments that the Contractor Mandate is lawful. They are also 0-1 in circuit courts on stay motions, which consider substantially similar criteria as the *Winter* preliminary injunction factors. In addition, perhaps implicitly acknowledging the weakness of their Contractor Mandate arguments, Federal Defendants have yet to seek a stay from the U.S. Supreme Court from the *Georgia* injunction, even though they rapidly did so as to two injunctions against the vaccination mandate of the Center for Medicare and Medicaid Services. *See Becerra v. Louisiana*, No. 21A241, 2021 WL 6061695, at *1 (U.S. Dec. 22, 2021) (stay filed December 16, one day after Fifth Circuit largely denied stay pending appeal); *Biden v. Missouri*, No. 21A240, 2021 WL 6061692, at *1 (U.S. Dec. 22, 2021) (field three days after Eighth Circuit denial).

For the same reasons as the *Kentucky*, *Georgia*, *Missouri*, *Louisiana,* and *Florida* courts, this Court should hold that Arizona has standing to challenge the Contractor Mandate and further that the mandate is substantively unlawful.

RESPECTFULLY SUBMITTED this 27th day of December, 2021.

**MARK BRNOVICH**
**ATTORNEY GENERAL**

By: /s/ *James K. Rogers*
    Joseph A. Kanefield (No. 15838)
    Brunn W. Roysden III (No. 28698)
    Drew C. Ensign (No. 25463)
    James K. Rogers (No. 27287)

*Attorneys for Plaintiffs Mark Brnovich and the State of Arizona*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of December, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Arizona using the CM/ECF filing system. Counsel for all Defendants who have appeared are registered CM/ECF users and will be served by the CM/ECF system pursuant to the notice of electronic filing.

 /s/ *James K. Rogers*
*Attorney for Plaintiffs Mark Brnovich, in his official capacity as Attorney General of Arizona; and the State of Arizona*