BRIAN M. BOYNTON
Acting Assistant Attorney General

BRAD P. ROSENBERG
Assistant Director

JOSEPH J. DEMOTT (Va. Bar #93981)
KEVIN J. WYNOSKY
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 514-3367
Email: joseph.demott@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mark Brnovich *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> Joseph R. Biden, *et al.*, <br><br> Defendants. | No. 2:21-cv-01568-MTL <br><br> **RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY (ECF. NO. 147)** |

The Federal Defendants ("Defendants") hereby respond to the State Plaintiffs' ("Plaintiffs") most recent Notice of Supplemental Authority, ECF No. 147 ("Notice"), which discusses *Kentucky v. Biden*, No. 21-6147, 2022 WL 43178 (6th Cir. Jan. 5, 2022).

Plaintiffs' Notice fails to mention that the *Kentucky* decision included a dissent that strongly supports Defendants' position here. *See id.* at *18–*21 (Cole, J., dissenting). Judge Cole maintained that the States of Kentucky, Ohio, and Tennessee lacked standing to challenge the contractor vaccination requirement. *Id.* at *18. Like Arizona, these States argued that the federal government was "forcing" them to modify existing contracts. *See, e.g.*, Tr. of Oral Arg. 24:4–25:13 (Nov. 11, 2021), ECF No. 69. Judge Cole rejected this argument, explaining that "there is no harm in asking that a contract be modified" to include COVID-19 safety protocols. *Kentucky*, 2022 WL 43178 at *18. Consistent with this Court's statements at oral argument, he concluded that the States could not establish an imminent risk of future harm without "provid[ing] an example of a new contract that is subject to the mandate." *Id.*; *accord* Tr. of Oral Arg. 9:3–10 (Dec. 17, 2021) (suggesting Arizona needed "actual examples of contracts that the State might lose if the mandate isn't implemented"). Judge Cole also explained that the States "do not have standing in a sovereign or quasi-sovereign capacity," and that "nothing in the contractor mandate threatens to override state policies" or "intrude[s] upon an area traditionally left up to the states." *Kentucky*, 2022 WL 43178 at *19.

Judge Cole further concluded that the federal government was "likely to succeed on the merits." *Id.* at *19. He recognized that the Procurement Act gives the President "broad-ranging authority" and that the contractor vaccination requirement is a permissible exercise of that authority because it has a "close nexus" to "promot[ing] economy and efficiency in federal contracting." *Id.* at *19–*20. The majority opinion's contrary stance represents a radical departure from federal appellate courts' consistent and longstanding interpretation of the Procurement Act. *See, e.g.*, *UAW-Labor Emp. & Training Corp. v. Chao*, 325 F.3d 360, 366–67 (D.C. Cir. 2003); *AFL-CIO v. Kahn,* 618 F.2d 784, 787–93 (D.C. Cir. 1979). Judge Cole was also correct to reject the States' speculative claims of irreparable harm based on potential employee resignations and compliance costs, which mirror Arizona's claims here. *Id.* at *20–

2

21; *cf.* Pls.' Third Mot. for Prelim. Inj. 6–7, ECF No. 72. This Court should follow Judge Cole's reasoning in rejecting Arizona's challenge to EO 14042.

Plaintiffs' Notice also asserts that "two circuit courts and five district courts have *all* rejected the same arguments that the federal defendants make in this case," and that no court has accepted them. Notice at 2. This is false (as Plaintiffs surely know).[1] In fact, the only court in this Circuit to rule on the validity of EO 14042 emphatically upheld it. *See generally Donovan v. Vance*, --- F. Supp. 3d ---, 2021 WL 5979250 (E.D. Wash. Dec. 17, 2021) (discussed in a prior notice of supplemental authority, *see* ECF No. 130 at 3–4, and filed as ECF No. 130-2); *see also Hollis v. Biden*, No. 1:21-cv-163, 2021 WL 5500500, at *3 (N.D. Miss. Nov. 23, 2021) (dismissing challenge to EO 14042 for lack of standing). Similarly baseless is Plaintiffs' claim that the Eleventh Circuit has "rejected the same arguments that the federal defendants make in this case," Notice at 2 (citing *Georgia v. President of U.S.*, No. 21-14269-F (11th Cir. Dec. 17, 2021), ECF No. 130-3). The Eleventh Circuit's order did not address *any* of the arguments Defendants raise here; instead, it denied the federal government's motion to stay a nationwide preliminary injunction on the ground that the federal government had not established that it would be irreparably injured absent a stay. *See Georgia*, ECF No. 130-3 at 2.

Further, several of Defendants' arguments have been accepted even by courts that preliminarily enjoined enforcement of the contractor vaccination requirement. For example, the district court in *Kentucky* "rejected all but the *parens patriae* theory of standing." *Kentucky*, 2022 WL 43178, at *3. That court also rejected the plaintiffs' Spending Clause claim, held that the FAR Memo is not final agency action, and held that Acting OMB Director's economy-and-efficiency determination complied with the Administrative Procedure Act. *See Kentucky*, ECF No. 101-1 at 14–15 n.9, 21, 25–26. The district court in *Louisiana v. Biden*, No. 1:21-cv-

---

[1] It is hard to imagine that Plaintiffs are unaware that a district court in this Circuit upheld the validity of Executive Order 14042 against an analogous Procurement Act challenge, since the Federal Defendants discussed that decision in ECF No. 130 and filed a copy of it as ECF No. 130-2. Plaintiffs are certainly familiar with ECF No. 130; they cite ECF Nos. 130-3 and 130-4 in support of their incorrect assertion that the federal government is "0-5 in district courts," Notice at 2, while inexplicably ignoring ECF No. 130-2.

3867 (W.D. La. Dec. 16, 2021), held that EO 14042 is consistent with the Procurement Act because it has "a reasonably sufficient nexus" to promoting economical and efficient procurement. *See* ECF No. 130-4 at 17. The district court in *Missouri v. Biden*, No. 4:21-cv-1300 (E.D. Mo. Dec. 20, 2021), rejected the state plaintiffs' *parens patriae* theory of standing; it found standing based on circumstances that do not exist here (*i.e.*, preempted state laws and presently affected state contracts). *See* ECF No. 137-1 at 5–6. It also rejected claims that EO 14042 violates the Spending Clause or the Tenth Amendment. *See id.* at 9–10.

In sum, it is not true that other courts "have *all* rejected the same arguments that the federal defendants make in this case," Notice at 2. The only court in this Circuit to consider a challenge to EO 14042 *accepted* Defendants' arguments, and those arguments are supported by ample persuasive authority from the Sixth and Eleventh Circuits—in addition to the numerous Procurement Act cases cited in Defendants' briefing. *See Donovan*, ECF No. 130-2; *Kentucky*, 2022 WL 43178, at *18–*21 (Cole, J., dissenting); *Florida v. U.S. Dep't of Health & Human Servs.*, No. 21-14098-JJ (11th Cir. Dec. 6, 2021), ECF No. 117-1 at 32–34, 35–37, 39–42; *In re: MCP No. 165, Occupational Safety & Health Admin. Rule on COVID-19 Vaccination & Testing, 86 Fed. Reg. 61402,* No. 21-7000 (6th Cir. Dec. 17, 2021), ECF No. 130-1 at 16–17, 33–37. Moreover, all eleven courts to consider a challenge to Executive Order 14043 have ruled in the federal government's favor.[2] This Court should uphold both the federal employee vaccination requirement and the federal contractor requirement.

---

[2] *See Oklahoma v. Biden*, --- F. Supp. 3d ---, 2021 WL 6126230 (W.D. Okla. Dec. 28, 2021); *AFGE Loc. 501 v. Biden*, No. 1:21-cv-23828-JAL, Dkt. No. 33 (S.D. Fla. Dec. 22, 2021); *Donovan*, ECF No. 130-2; *McCray v. Biden*, No. 21-cv-2882, 2021 WL 5823801 (D.D.C. Dec. 7, 2021); *Rodden v. Fauci*, --- F. Supp. 3d ---, 2021 WL 5545234 (S.D. Tex. Nov. 27, 2021); *Navy Seal 1 v. Biden*, --- F. Supp. 3d ---, 2021 WL 5448970 (M.D. Fla. Nov. 22, 2021); *Rydie v. Biden*, No. 21-cv-2696, 2021 WL 5416545 (D. Md. Nov. 19, 2021), *appeal pending*, No. 21-2359 (4th Cir.); Minute Entry, *Altschuld v. Raimondo*, No. 21-cv-2779, 2021 WL 6113563 (D.D.C. Nov. 8, 2021); *Church v. Biden*, No. 21-cv-2815, 2021 WL 5179215 (D.D.C. Nov. 8, 2021); *Smith v. Biden*, No. 21-cv-19457, 2021 WL 5195688 (D.N.J. Nov. 8, 2021), *appeal pending*, No. 21-3091 (3d Cir.); *Foley v. Biden*, No. 4:21-cv-01098-O, ECF No. 18 (N.D. Tex. Oct. 6, 2021).

Respectfully submitted this 13th day of January, 2022.

        BRIAN M. BOYNTON
        Acting Assistant Attorney General

        BRAD P. ROSENBERG
        Assistant Director

        */s/ Joseph J. DeMott*
        JOSEPH J. DEMOTT (Va. Bar #93981)
        KEVIN J. WYNOSKY
        Trial Attorneys
        United States Department of Justice
        Civil Division, Federal Programs Branch
        1100 L Street NW
        Washington, DC 20005
        Phone: (202) 514-3367
        Email: joseph.demott@usdoj.gov

        *Attorneys for Defendants*