**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Brnovich, et al., | No. CV-21-01568-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Joseph R Biden, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Stay Pending the Supreme Court's Decision in *Biden v. Texas*. (Doc. 175.) For the reasons that follow, the Court will deny the motion.

**I.**

Plaintiffs initiated the instant action in September 2021. (Doc. 1.) In the months that followed, Plaintiffs filed several amended complaints. (Docs. 14, 70, 134.) Plaintiffs' Third Amended Complaint, the operative complaint, alleges thirteen claims for relief. (Doc. 134 at 54–68.) On January 27, 2022, the Court granted Plaintiffs' unopposed motion to bifurcate Plaintiffs' Counts I–VIII (the "Vaccine Counts") from Counts IX–XIII (the "Immigration Counts"). (*See* Doc. 156 at 8–9.) Two weeks later, on February 10, 2022, the Court issued a permanent injunction and entered judgment on the Vaccine Counts. (Doc. 165.) Accordingly, only Plaintiffs' Immigration Counts remain pending.

Defendants filed the instant Motion to Stay on March 15, 2022. (Doc. 175.) Defendants seek to stay this case pending the Supreme Court's decision in *Biden v. Texas*,

No. 21-954, 2022 WL 497412 (U.S. Feb. 18, 2022). In *Texas*, the Fifth Circuit held that the government's decision to terminate the Migrant Protection Protocols ("MPP") violated, among other things, section 1225(b) of the INA, because that section requires the Department of Homeland Security ("DHS") to either detain noncitizens arriving at the border or return them to Mexico, and DHS generally may not use its discretionary parole authority under section 1182(d)(5) to release noncitizens rather than detaining or returning them. *See Texas v. Biden*, 20 F.4th 928, 993–98 (5th Cir. 2021). After the Fifth Circuit issued its decision, the government petitioned the Supreme Court for a writ of certiorari, which the Court granted on February 18, 2022. *See* 2022 WL 497412. The Court will decide the case this term, on an expedited basis.[1] The Court granted certiorari on the following questions: (1) Whether 8 U.S.C. 1225 requires DHS to continue implementing MPP. (2) Whether the court of appeals erred by concluding that the Secretary's new decision terminating MPP had no legal effect. (Doc. 175-1 at 2.)

**II.**

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis*, 299 U.S. at 254. The Court is guided by the following "*Landis* factors" in deciding whether to exercise this inherent authority: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–434 (2009). "If there is even a fair

---

[1] The Supreme Court will hold oral argument in *Texas* on Tuesday, April 26, 2022.

possibility that the stay will work damage to someone else, the party seeking the stay must make out a clear case of hardship or inequity." *Percy v. United States*, No. 16-cv-02066-PHX-DGC, 2016 WL 7187129, at *2.

### III.

Defendants argue that because "this case and *Texas* involve overlapping issues concerning the meaning of multiple provisions of the [Immigration and Nationality Act ("INA")], the Supreme Court's decision in *Texas* will control the outcome of many, if not all, of the claims Arizona raises in its third amended complaint." (Doc. 175 at 2–3.) Accordingly, a stay will promote judicial economy and avoid the potential for inconsistent judgments or conflicting injunctions. Defendants further argue that the balance of hardships favors a stay because the Supreme Court has decided to review *Texas* on an expedited basis and because the *Texas* nationwide injunction remains in effect. (*Id.* at 11.)

Plaintiffs argue in response that Defendants overstate the overlap between *Texas* and this case. First, they argue that, in this case, they challenge primarily the Biden Administration's parole policies, rather than its detention policies, the primary agency action at issue in *Texas*. Second, they argue the Supreme Court may not even address the scope of § 1225(b) in *Texas*. Third, they contend that several of their claims will not even conceivably be addressed by the Supreme Court in *Texas*. (*See* Doc. 176 at 3–5.) Plaintiffs further argue that the balance of hardships weighs against granting a stay, because (1) Plaintiffs face ongoing financial and other harm due to the Biden Administration's unlawful policies, (2) the *Texas* injunction does not address Plaintiffs' claims in this case, and (3) there is a risk Defendants will change policies in an attempt to moot this case and prevent judicial review of their actions. (*Id.* at 6–7.)

Plaintiffs' arguments are the more persuasive ones. Although the Supreme Court's decision in *Texas* may have some bearing on the claims at issue here, particularly with regard to the meaning of § 1225(b), there is no guarantee the Court will address that issue. *See, e.g.*, *Biden v. Texas*, 142 S. Ct. 926, 927 (2021). Even if the Court does

address the meaning of § 1225, because there are several claims at issue in this case that are not implicated in *Texas*, granting a stay would only minimally conserve judicial resources and simplify the "issues, proof, or questions of law" implicated here. *CMAX*, 300 F.2d at 268; *see also Henderson v. United Student Aid Funds, Inc.*, No. 13-cv-01845, 2016 WL 5956041, at *3 (S.D. Cal. May 3, 2016) (declining to grant stay in part because case pending before the Supreme Court "probably will not be dispositive on Plaintiff's claims"). Further, Defendants' contention "that the Supreme Court may soon issue a dispositive opinion" in *Texas* "cuts both ways . . . because an imminent resolution means that the parties will not spend considerable time or resources before the Supreme Court acts." *Childress v. DeSilva Auto. Servs., LLC*, No. 20-cv-0136-JB\JHR, 2020 WL 3572909, at *13 (D.N.M. July 1, 2020).

The balance of hardships also weighs against granting a stay. Defendants, who bear the burden on their motion to stay, fail to identify harm they will suffer should the case proceed. *See Nken*, 556 U.S. at 433–34. Plaintiffs, on the other hand, allege that they face substantial and ongoing injury that will be exacerbated in the event a stay is granted. *Cf. Lockyer*, 398 F.3d at 1112 ("Unlike the plaintiffs in *CMAX* and *Leyva*, who sought only damages for past harms, the Attorney General seeks injunctive relief against ongoing and future harm.").

**IV.**

Accordingly,

**IT IS ORDERED denying** Defendants' Motion to Stay Pending the Supreme Court's Decision in *Biden v. Texas* (Doc. 175).

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 146) and Plaintiffs' Motion for Jurisdictional Discovery (Doc. 177) remain pending.

Dated this 20th day of April, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge