BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section
EREZ REUVENI
Assistant Director
ELISSA FUDIM
Trial Attorney
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 598-6073
Email: elissa.p.fudim@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Brnovich, in his official capacity as Attorney General of Arizona, *et. al*,<br><br>*Plaintiffs*,<br><br>v.<br><br>Joseph R. Biden in his official capacity as President of the United States, *et. al*<br><br>*Defendants*. | Civil Action No. 2:21-CV-1568-MTL |

### DEEFENDANTS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY

## DEFENDANTS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants submit this notice to advise the Court of a recent decision from this District relevant to the issues in this case. In *State of Arizona v. Mayorkas*, CV-21-00617-PHX-DWL (*Arizona II*)[1], Arizona sued several federal agencies and officials for implementing "the Population Augmentation Program," which it claimed increased Arizona's population via immigration. *Id*. at ECF No. 13, ¶¶ 1-12, 33, 61-65. In a separate cause of action, Arizona challenged Defendants' termination of work on the border wall, which it claimed resulted in a substantial increase in illegal entries by noncitizens. *Id*., ECF 13 ¶¶ 78, 85, 89. As noted in Defendants' Reply in Support of Motion to Dismiss, in denying Arizona's motion for a preliminary injunction, the district court in *Arizona II* rejected Arizona's argument that its alleged environmental and economic injuries, including emergency health care costs and costs associated with law enforcement, conferred standing. *See* Defendants' Reply, ECF No. 174, at 7-8, citing *Arizona II,* ECF No. 47 at 14. In that same decision, the *Arizona* district court also held that the Administrative Procedure Act (APA) does not authorize the amalgamation of discrete actions to provide standing to challenge it as a "program." Defs' Reply, ECF No. 174, at 8, citing *Arizona II*, ECF No. 47, at 9. The *Arizona II* Court has now extended this same logic to its decision granting in substantial part the government's motion to dismiss Arizona's claims. *See Arizona II,* 21-CV-617, ECF No. 64 (attached hereto).

As relevant to this litigation and Defendants' pending Motion to Dismiss (ECF No. 146), the district court, by Judge Lanza, ruled that Arizona lacked standing to pursue its border wall claims. *Arizona II*, ECF No. 64, at 10. Relying upon the Sixth Circuit's recent decision in *Arizona v. Biden*, --- F.Supp.3d ----, No. 3:21-cv-314, 2022 WL 839672 (S.D. Ohio Mar. 22, 2022) (*Arizona* (Ohio)—*see* Defendants' Notice of Supplemental Authority, ECF No. 186—Judge Lanza held that Arizona had not established the causation necessary

---

[1] In Defendants' Reply in Further Support of the Motion to Dismiss, ECF No. 174, Defendants referred to this case as *Arizona II*, so for the sake of consistency, does so here as well.

to confer standing, because the state did now show how the government's decision with respect to the border wall would affect independent third-party actor's (potential migrants) decision to pursue illegal immigration. *Arizona II*, ECF No. 64, at 14-15. The Court noted "an alien's decision to risk life and limb to come to the United States…is uniquely influenced by 'myriad . . . economic, social, and political realities.'" *Id.*, quoting *Whitewater Draw Natural Resource Conservation District v. Mayorkas*, 5 F.4th 997, 1015 (9th Cir. 2021). In reaching this conclusion, the district court in *Arizona II*, rejected Arizona's reliance on the "special solicitude" doctrine derived from *Massachusetts v. EPA*, 549 U.S. 497 (2007), for the proposition that it need not establish a direct causal link between the policy challenged and the harm alleged. *Arizona II*, ECF No. 64, at 12-13. Judge Lanza wrote, "the question here isn't whether Arizona is, in general, entitled to special solicitude in the standing analysis… the issue is that it is unclear whether the special solicitude doctrine goes to the causation prong of the standing inquiry." *Id*. (cleaned up). The Court, following the lead of the Sixth Circuit in *Arizona (Ohio)*, answered the question in the negative. *Id*. at 13-14.

Judge Lanza's decision in *Arizona II* is relevant here because Arizona argues in this litigation that Defendants' alleged *en masse* parole policies induce illegal immigration— *see, e.g.,* Third Amended Complaint at ¶ 147 ("Defendants' actions encourage a greater influx of unauthorized aliens into Arizona"), ¶ 148 ("Defendants' [] use of parole to allow hundreds of thousands of aliens to enter the United States, necessarily increases the number of unlawfully present aliens in Arizona"—and that it does not need to establish causation because, as a state, it is entitled to "special solicitude" in the standing analysis under *Massachusetts v. EPA*, 549 U.S. 497, 520 (2007). *See* Plaintiff's Opposition to Motion to Dismiss, ECF No. 167, at 14-15. Plaintiff's argument was rejected now by both the Sixth Circuit in *Arizona (Ohio)* and by this district court in *Arizona II*.

As also relevant to this litigation, Judge Lanza ruled in *Arizona II*, that Arizona's APA claim challenging what Arizona referred to as the "Population Augmentation

Program" was subject to dismissal because the claim did not challenge a particular agency action, as is required to proceed under the APA (*see Whitewater Draw*, 5 F.4th at 1010), but was instead an "impermissible broad programmatic attack." *Arizona II*, 21-CV-617, ECF No. 64, at 8. This holding is relevant to this litigation, because here, like in *Arizona II*, Plaintiff has not identified a specific policy that it is challenging, but instead has challenged an amalgamation of individual parole decisions it contends is some overarching policy.

      For the Court's convenience, Defendants attach a copy of Judge Lanza's decision in *Arizona II* is attached to this filing.

Dated: May 3, 2022

                                      Respectfully submitted,

                                      BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Assistant Director

*/s/ Elissa Fudim*
ELISSA FUDIM
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-6073
Email: elissa.p.fudim@usdoj.gov

*Counsel for Defendants*