BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section
EREZ REUVENI
Assistant Director
ELISSA FUDIM
Trial Attorney
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 598-6073
Email: elissa.p.fudim@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

Mark Brnovich, in his official capacity as Attorney General of Arizona, *et. al*,

    *Plaintiffs*,

v.

Joseph R. Biden in his official capacity as President of the United States, *et. al*

    *Defendants*.

Civil Action No. 2:21-CV-1568-MTL

**DEEFENDANTS' NOTICE OF NEW POLICY DOCUMENT**

Defendants submit this Notice to advise the Court that one of the policy documents referred to tangentially in Defendants' Motion to Dismiss (ECF NO. 146) has been superseded by a new policy document. This development does not change any arguments made in the Motion to Dismiss, but further highlights the mootness of Plaintiff's claims and requests for relief challenging the Notices to Report (NTR) guidance.

As the Court is aware, in the Third Amended Complaint (TAC), Plaintiff challenged Defendants' now-discontinued use of NTRs in lieu of Notices to Appear (NTA). TAC at ¶¶ 133-135.[1] On November 2, 2021, CBP issued a memorandum terminating the use of NTRs, prioritizing the use of NTAs, and authorizing, in limited circumstances a parole plus alternatives to detention program (Parole + ATD). ECF No. 146, at 4. Defendants argued in the Motion to Dismiss that Plaintiff's claims with respect to the NTR guidance were moot based on the November 2 memorandum. ECF No. 146, at 6.

Defendants write to advise the Court that the November 2 memorandum has been superseded by a July 18 memorandum specifying the circumstances under which the use of Parole + ATD may now be used.  The creation of the July 18 memorandum does not change anything in this case, as Plaintiff does not challenge the use of Parole + ATD in its TAC, and Defendants' argument that Plaintiff's challenge to the NTR policy is moot remains unaffected by the July 18 memorandum. Regardless, because the actual NTR policy Plaintiff challenges is now twice since rescinded, the Court should dismiss all claims and requests for relief challenging the NTR Policy as moot.

---

[1] By way of reminder, beginning in March 2021, Customs and Border Protection (CBP) temporarily authorized the use of NTRs to relieve overcrowding in congregate settings and to better protect its workforce and noncitizens in CBP custody when noncitizen encounters were consistently high, operational capacity strained, and COVID-19 acute. NTRs were permitted in place of NTAs, the issuance of which are considerably more time consuming due to the necessary interagency coordination for initiating removal proceedings and creating an administrative record for the proceeding. *See* ECF No. 146, at 3-4.

Dated:  July 22, 2022

                                                          Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Assistant Director

*/s/ Elissa Fudim*
ELISSA FUDIM
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-6073
Email: elissa.p.fudim@usdoj.gov

*Counsel for Defendants*