**MARK BRNOVICH**
**ATTORNEY GENERAL**
(Firm State Bar No. 14000)

Joseph A. Kanefield (No. 15838)
Drew C. Ensign (No. 25463)
James K. Rogers (No. 27287)
2005 N. Central Ave
Phoenix, AZ 85004-1592
Phone: (602) 542-8540
Joseph.Kanefield@azag.gov
Beau.Roysden@azag.gov
Drew.Ensign@azag.gov
James.Rogers@azag.gov

*Attorneys for Plaintiffs Mark Brnovich*
*and the State of Arizona*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Brnovich, in his official capacity as Attorney General of Arizona; *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Joseph R. Biden in his official capacity as President of the United States; *et al.*,<br><br>Defendants. | No. 2:21-cv-01568-MTL<br><br>**PARTIES' JOINT PROPOSED CASE MANAGEMENT REPORT** |

**1. The counsel or pro se parties who attended the Rule 26(f) meeting and assisted in developing the Joint Proposed Case Management Report.**

For Plaintiffs: James K. Rogers

For Defendants: Elissa P. Fudim

**2. A list of all parties in the case, including any parent corporations or entities.**

Plaintiffs:

- Mark Brnovich, in his official capacity as Attorney General of Arizona;
- The State of Arizona

Defendants:

- Joseph R. Biden in his official capacity as President of the United States
- Alejandro Mayorkas in his official capacity as Secretary of Homeland Security
- The United States Department of Homeland Security
- Troy Miller in his official capacity as Senior Official Performing the Duties of the Commissioner of U.S. Customs and Border Protection
- Tae Johnson in his official capacity as Senior Official Performing the Duties of Director of U.S. Immigration and Customs Enforcement
- Ur M. Jaddou in her official capacity as Director of U.S. Citizenship and Immigration Services; United States Office of Personnel Management
- The United States of America

**3. A short statement of the nature of the case (no more than three pages), including a description of each claim, defense, and affirmative defense.**

*Plaintiffs' Statement:*

Following bifurcation of Plaintiffs' vaccine-related claims and final judgment against the Federal Defendants on those claims, the remaining claims in this case are Counts IX through XII (the "Immigration Claims"). Plaintiffs allege that the federal government has an

1

unlawful policy of failing to detain aliens who have illegally entered the United States and also has an unlawful policy of programmatically granting parole *en masse* to such aliens. Plaintiffs allege that the federal government's Non-Detention and Parole Policies were first instantiated through its practice of issuing a "notice to report," a legally meaningless document not authorized by statute or regulation, rather than issuing the required "Notice to Appear." Plaintiffs allege that the same substantive policy was continued by the creation of the unlawful "Parole + Alternatives to Detention" ("Parole+ATD") program which maintains the same policy of non-detention and of programmatic parole.

Specifically, Plaintiffs assert the following as their Immigration Claims against the Non-Detention and Parole Policies:

- Count IX: Agency Action Not in Accordance with Law and in Excess of Authority, asserted Under 5 U.S.C. §§ 702, 704, and 706

- Count X: Arbitrary and Capricious Agency Action in Violation of the APA, asserted Under 5 U.S.C. §§ 702, 704, and 706

- Count XI: Failure to Comply with Notice-and Comment Requirements in Violation of the APA, asserted Under 5 U.S.C. §§ 702, 704, and 706

- Count XII: Agency Action Unlawfully Withheld or Unreasonably Delayed in Violation of the APA, asserted Under 5 U.S.C. §§ 702, 704, and 706

*Defendants' Statement:*

On September 23, 2022, this Court issued a decision and order on Defendants' motion to dismiss, whereby this Court narrowed the claims upon which Plaintiff can proceed in this matter. Dkt. 219. The Court dismissed Plaintiff's "en masse" non-detention and parole claims, leaving only Plaintiff's claims as they pertain to the Defendants' Notice to Report Policy:

> Outside of the NTR policy, then, Plaintiffs do not challenge a particular, discrete agency action, but rather some generalized and amorphous conception of Defendants' detention and parole policies. Defendants' broad decisions not to detain all undocumented aliens, and to parole a large number of undocumented aliens, are not challengeable under the APA absent additional allegations. Accordingly, Plaintiffs' APA claims

> related to the NTR policy are reviewable, but to the extent Plaintiffs attempt to challenge amorphous parole policies, those APA claims must be dismissed.

Dkt. 219, at 17.

In reaching its decision, the Court found that Defendants' NTR policy is not moot; the Court did not, however, authorize Plaintiffs to pursue their claims premised on the ATD policy. Indeed, the Court noted that "Plaintiffs' do not request leave to amend, so the Court declines to *sua sponte* grant leave to amend where neither party argues for or against it." Dkt. 219 at 27. While Plaintiff has indicated it may seek leave to amend or supplement the Complaint to include the ATD policy, and while Defendants will consider, in good faith, whether to consent to amendment/supplement upon being presented with a proposed draft pleading, at this time, the ATD claims are not part of the operative complaint.

Accordingly, Plaintiff's current claims are the following, limited to their challenge to Defendants' NTR policy:

- Count IX: Agency Action Not in Accordance with Law and in Excess of Authority, asserted Under 5 U.S.C. §§ 702, 704, and 706
- Count X: Arbitrary and Capricious Agency Action in Violation of the APA, asserted Under 5 U.S.C. §§ 702, 704, and 706
- Count XI: Failure to Comply with Notice-and Comment Requirements in Violation of the APA, asserted Under 5 U.S.C. §§ 702, 704, and 706
- Count XII: Agency Action Unlawfully Withheld or Unreasonably Delayed in Violation of the APA, asserted Under 5 U.S.C. §§ 702, 704, and 706

**4. A description of the principal factual and legal disputes in the case.**

The principal factual and legal disputes in the case are whether the alleged policies constitute final agency action, whether they are unlawful, and what relief (if any) this Court may grant.

**5. The jurisdictional basis for the case, citing specific jurisdictional statutes.**

Plaintiffs allege this Court has jurisdiction under 5 U.S.C. §§ 702–703 and 28 U.S.C. §§ 1331 and 1361. The Court is authorized to award the requested relief under 5 U.S.C. §§ 702 and 706, 28 U.S.C. § 1361, and 28 U.S.C. §§ 2201-2202. Venue is proper within this District pursuant to 28 U.S.C. § 1391(e) because (1) Plaintiffs reside in Arizona and no real property is involved and (2) "a substantial part of the events or omissions giving rise to the claim occurred" in this District.

Defendants contend that Plaintiff lacks standing to bring their claims and that the only policy at issue, the NTR policy, does not constitute final agency action, and thus jurisdiction is not conferred by virtue of 5 U.S.C. §§ 702–703. However, to the extent that the Court has jurisdiction, Defendants do not dispute venue. Defendants also submit that 8 U.S.C. § 1252(f) bars much of the relief sought by Plaintiff.

**6. Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared. Unless counsel can otherwise show cause, a proposed form of order shall accompany the Joint Proposed Case Management Report that dismisses any party which has not been served, including fictitious and unnamed parties.**

All parties have been served.

**7. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings.**

No party expects to add any additional parties to the case.

Plaintiffs plan to seek leave to supplement their pleading under Fed. R. Civ. P. 15(d). Plaintiffs' position, as articulated in their Response to Federal Defendants' Motion to Dismiss, is that, because "Defendants' Motion to Dismiss was the first attack as to the sufficiency of Plaintiffs' immigration claims, and thus any amendment to the Third Amended Complaint would be Defendants' 'first opportunity to cure those deficiencies,'" (Doc. 167 at 5 (citing

*United States v. United Healthcare Ins.*, Co., 848 F.3d 1161, 1183 (9th Cir. 2016)), if any part of Plaintiffs' Immigration Claims are dismissed, then "Plaintiffs should be granted leave to file a supplemental complaint under Fed. R. Civ. P. 15(d)." (*Id.*)

**8. A listing of contemplated motions and a statement of the issues to be decided by those motions.**

Plaintiffs plan to file a motion for leave to supplement the pleading under Fed. R. Civ. P. 15(d). This motion would decide whether Plaintiffs may supplement their Third Amended Complaint to plead additional facts related to Defendants' changes to, and further implementation of, their Non-Detention and Parole Policies.

Plaintiffs and Defendants plan to file cross-motions for summary judgment, which would seek resolution of the remaining factual and legal issues in this case.

**9. The prospects for settlement and potential methods for conducting settlement, including (a) whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference, and (b) any other request of the Court for assistance in settlement efforts.**

Because the principle issues to be resolved in this case are questions of law, the parties do not expect that this case is suitable for reference to a United States Magistrate Judge for a settlement conference or that other settlement efforts would be fruitful.

**10. Whether any aspect of the case is suitable for reference to a special master or to a United States Magistrate Judge.**

The parties do not anticipate that any aspect of this case is suitable for reference to a special master.

**11. The status of any related cases pending before this or other courts.**

The parties are aware of two cases with substantially similar claims to those here:

*Florida. v. United States*, No. 21-CV-1066 (N.D. Fla.), and *Indiana v. Biden*, No. 22-CV-0192 (N.D. Indiana). Discovery in the Florida case is complete, and the parties filed cross-motions for summary judgment on October 3, 2022. Trial is set for January 9-11, 2023. In the Indiana case, jurisdictional discovery closes on December 15, 2022.

Another related case is *Texas v. Biden*, 21-CV-00067, (N.D. Tex.). The claims in *Texas* are different from those asserted here, but the case involves the government's parole power under 8 U.S.C. § 1182(d)(5) and whether detention of aliens is mandatory under 8 U.S.C. § 1225(b). The case is before the district court, on remand from the Supreme Court. The State plaintiffs in that case—Texas and Missouri—filed a "Motion Stay / Postpone the Effective Date of Agency Action" on August 8, 2022, and filed a second amended complaint on August 9, 2022. That motion was fully briefed as of September 20, 2022, when the State plaintiffs filed their sur-sur-reply in favor of their motion to postpone.

**12. A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information ("ESI"), including the parties' preservation of ESI and the form or forms in which it will be produced.**

The parties do not anticipate that this will be a case with a large number of documents or that there will be issues with ESI.

**13. A discussion of any issues relating to claims of privilege or work product;**

The parties believe that it is premature to raise any of these issues at this time and will promptly address them at a later date, should any such issues arise.

**14. A discussion of necessary discovery within the scope of Rule 26(b)(1), and should include:**

**a. The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;**

**b. Suggested changes, if any, to the discovery limitations imposed by the**

**Federal Rules of Civil Procedure;**

**c. The number of hours permitted for each deposition, unless extended by agreement of the parties.**

*Plaintiffs' Position:*

Plaintiffs' position is that, so long as Defendants produce the administrative record within the agreed-upon deadline after the scheduling conference, then Plaintiffs will not seek any further discovery until they have had a chance to review and determine whether the administrative record appears to be sufficient and complete.

Plaintiffs believe that, should discovery be necessary in this case, that an appropriate and prudent approach for limited discovery was set forth in *Arizona v. DHS*, which allowed the parties to conduct the following discovery:

- Five requests for production
- Five interrogatories
- Up to three depositions

*Arizona v. DHS*, No. 21-cv-00186, ECF No. 42 (D. Ariz. Apr. 8, 2021) (Bolton, J.). For any potential discovery, Plaintiffs would propose that the deadline be set for six months after the administrative record is produced and that the time limit for any depositions be seven hours.

Plaintiffs recognize that this case will not require the traditional amount of discovery, but would also argue that some type of discovery may be warranted, as illustrated by the highly relevant evidence that has come to light in the *Florida* case. (*See*, e.g., Doc. 216 at 5-10.)

*Defendants' Position*

A court's review of an agency decision is limited to the administrative record, and accordingly the well-settled rule is that discovery on the merits is, with very few exceptions, not permitted in an APA case. *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2573 (2019). Accordingly, this Court should consider Plaintiff's claims based on the administrative record that Defendants will compile. If, following the filing of the administrative record, Plaintiff has a specific concern that the record is not complete, the parties can meet and confer in good faith about potential supplements to the record. But it is premature for the Court to consider

7

merits discovery, or the parameters of such discovery.

The parties may seek discovery as to standing. Both parties reserve their right to object to such discovery demands after revieing the nature and scope of the demands. As to discovery pertaining to standing, Defendants are amenable to the six-month period proposed by Plaintiff.

**15. Proposed deadlines for each of the following events.**

**a. A deadline for amending the pleadings;**

November 30, 2022 (for supplementing the pleadings under Fed. R. Civ. P. 15(d)).

**b. A deadline for lodging a proposed Joint Stipulated Protective Order with the Court, if desired;**

The parties propose that discussion of this deadline be deferred until they have a better sense of how discovery is proceeding. Such an order may not be needed.

**c. A deadline for completing fact discovery. This will also be the deadline for pretrial disclosures pursuant to Rule 26(a)(3). Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by the deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline;**

The parties propose that the deadline for any discovery be set for six months after Defendants produce the administrative record.

**d. Dates for full and complete expert disclosures and rebuttal expert disclosures, if any, and a date for expert discovery cut-off;**

The parties do not anticipate the need for experts or rebuttal experts.

**e. Case-specific deadlines and dates, such as the deadline to file a motion for class certification, the deadline to file a motion for dismissal or summary judgment based on qualified immunity, a date on which the parties are available for a Markman hearing, if applicable, and a deadline to file dispositive motions;**

The parties propose that cross-motions for summary judgment be due six weeks after discovery is complete.

**f. A date by which the parties shall have engaged in good faith settlement talks and a description of settlement communications to date;**

Because the principle issues in this case are contested issues of law, the parties do not believe that settlement talks would contribute to resolution of this case.

**16. Whether a jury trial has been requested and whether the request for a jury trial is contested. If the request is contested, set forth the reasons why trial by jury is in dispute;**

A jury trial has not been requested.

**17. The estimated length of trial and any suggestions for shortening the trial;**

The length of trial depends entirely on what remains to be resolved after the cross-motions for summary judgment have been adjudicated. APA cases are often resolved by summary judgment, and thus it is possible that there may be nothing left to resolve following adjudication of the summary judgment motions. The length and complexity of a bench trial would depend entirely on what issues are left unresolved by summary judgment.

**18. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure**

The parties are aware of no other matters.

9

RESPECTFULLY SUBMITTED this 24ᵗʰ day of October, 2022.

**MARK BRNOVICH**
**ATTORNEY GENERAL**

By: /s/  *James K. Rogers*
  Joseph A. Kanefield (No. 15838)
  Drew C. Ensign (No. 25463)
  James K. Rogers (No. 27287)

*Attorneys for Plaintiffs Mark Brnovich and the State of Arizona*


By: /s/  *Elissa Fudim* (with permission)

Elissa Fudim
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-6073
Email: elissa.p.fudim@usdoj.gov
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Arizona using the CM/ECF filing system. Counsel for all Defendants who have appeared are registered CM/ECF users and will be served by the CM/ECF system pursuant to the notice of electronic filing.

/s/ *James K. Rogers*
*Attorney for Plaintiffs Mark Brnovich, in his official capacity as Attorney General of Arizona; and the State of Arizona*