BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section
EREZ REUVENI
Assistant Director
ELISSA FUDIM
Trial Attorney
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 598-6073
Email: elissa.p.fudim@usdoj.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Brnovich, in his official capacity as Attorney General of Arizona, *et. al*,<br><br>*Plaintiffs*,<br><br>v.<br><br>Joseph R. Biden in his official capacity as President of the United States, *et. al*<br><br>*Defendants*. | Civil Action No. 2:21-CV-1568-MTL |

**ANSWER TO THIRD AMENDED COMPLAINT**

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Joseph R. Biden, in his official capacity as President of the United States, Alejandro Mayorkas, in his official capacity as the Secretary of Homeland Security, Christopher Magnus, in his official capacity as the Commissioner of the U.S. Customs and Border Protection[1], Tae Johnson, in his official capacity as Senior Official Performing the Duties of Director of Immigration and Customs Enforcement, Ur M. Jaddou, in her official capacity as the Director of U.S. Citizenship and Immigration Services, (collectively, "Defendants"), by their undersigned attorneys, respond and answer Plaintiff's Third Amended Complaint (Dkt. 134), "CLAIMS REGARDING CERTAIN DEFENDANTS' PAROLE POLICIES,"[2] as follows. Defendants generally deny all allegations not specifically admitted.

41.   Paragraph 41 contains a legal conclusion to which no responsive pleading is required, but to the extent a response is required, deny and refer to the affirmative defenses listed below.

42.   Paragraph 42 contains a legal conclusion to which no responsive pleading is required, but to the extent a response is required, deny and refer to the affirmative defenses listed below.

43.   Admit.

114.  Deny.

115.  Paragraph 115 is a legal conclusion to which no responsive pleading is required.

116.  Paragraph 116 is a legal conclusion to which no responsive pleading is required.

117.  Deny.

118.  Deny, except admit that Table 1 is what it purports to be and that the data included therein is accurate.

119.  Admit that the article cited by Plaintiff contains the quotation referenced by

---

[1] At the time the Third Amended Complaint was filed, the Commissioner was Troy Miller. He has been automatically substituted as a party pursuant to FRCP 25(d).

[2] The Court previously bifurcated Claims IX-XIII from the "Vaccine Claims" that were previously part of this litigation. *See* Dkt. 156. Defendants answer that portion of the Third Amended Complaint which relates to Plaintiff's immigration claims.

Plaintiff, but otherwise deny the substance of the allegations in paragraph 119.

120. Deny.

121. Paragraph 121 contains legal conclusions for which no responsive pleading is required, and refer to the statutes and cases cited therein for a full recitation of their contents.

122. Paragraph 122 contains legal conclusions for which no responsive pleading is required, and refer to the statutes and cases cited therein for a full recitation of their contents.

123. Paragraph 123 contains legal conclusions for which no responsive pleading is required, and refer to the statutes and cases cited therein for a full recitation of their contents.

124. Paragraph 124 contains legal conclusions for which no responsive pleading is required, and refer to the statutes, legislative history, and cases cited therein for a full recitation of their contents, except admit that Congress made changes to 8 U.S.C. 1182(d)(5) in 1996.

125. Paragraph 125 contains legal conclusions for which no responsive pleading is required, and refer to the regulation cited therein for a full recitation of its contents.

126. Paragraph 126 contains legal conclusions for which no responsive pleading is required, and refer to the statutes and cases cited therein for a full recitation of their contents.

127. Deny.

128. Deny, except refer to Table 1 for statics regarding border encounters in the years noted.

129. Admit that the article stated purports to state the allegation asserted.

130. Deny, and note that the words quoted by Plaintiff are taken out of context

131. Deny, except state that state that CBP's publicly reported statistics speak for themselves

132. Deny.

133. Deny.

134. Deny, except admit that the article referenced contains the quoted material.

135. Paragraph 135 contains conclusions of law to which no responsive pleading is required. Otherwise, deny.

136. Deny.

137. Deny.

138. Deny, and refer the Court to *Biden v. Texas*, 142 S. Ct. 2528 (2022) overturning the case cited by Plaintiff.

139. Defendants aver that the cited court document speaks for itself.

140. The first sentence of Paragraph 140 is Plaintiff's characterization of this action and requires no response. To the extent a response is required, deny. Defendants aver that the documents cited and quoted in the second two sentences of Paragraph 61 speak for themselves and require no response. To the extent a response is required, deny.

141. Deny, except admit that the Secretary of Homeland Security terminated the Migrant Protection Protocols, and otherwise refer to the statutes and cases cited therein for a full recitation of their contents.

142. Defendants aver that Exec. Order No. 14010 speaks for itself and Defendants refer the Court the orders referred to in paragraph 142 for a full recitation of their contents. Paragraph 66 also consists of conclusions of law to which no response is required. Otherwise, deny.

143. Defendants aver that the quoted document speaks for itself and requires no response, and otherwise deny the allegations of Paragraph 143.

144. The first two sentences of Paragraph 144 consist of conclusions of law and Plaintiff's characterization of the law, which require no response. If a response is required, deny. Defendants deny the allegations in the remaining sentences of Paragraph 144.

145. Deny that DHS fails to carry out its statutory duty to detain or remove noncitizens as provided by law, and otherwise deny knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 145.

146. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146.

147. Deny.

148. Deny, except admit that federal law requires that certain medical services be provided to certain noncitizens and refer to 42 C.F.R. § 440.255 for a full recitation of its contents and scope, and deny knowledge or information sufficient to form a belief as to the effects of the Covid-19 pandemic on expenses born by Plaintiff.

149. Deny.

216. Defendants repeat and reallege the prior answers as if fully sets forth herein.

217. Paragraph 217 sets for a conclusion of law to which no responsive pleading is required.

218. Deny.

219. Deny, and note that Plaintiff's claims premised upon an unwritten "en masse" parole policy have been dismissed.

220. Paragraph 220 contains legal conclusions to which no responsive pleading is required, otherwise deny.

221. Paragraph 221 contains legal conclusions to which no responsive pleading is required, otherwise deny.

222. Defendants repeat and reallege the prior answers as if fully sets forth herein.

223. Paragraph 223 sets for a conclusion of law to which no responsive pleading is required.

224. Deny.

225. Paragraph 225 contains legal conclusions to which no responsive pleading is required, otherwise deny.

226. Paragraph 226 contains legal conclusions to which no responsive pleading is required, otherwise deny.

227. Deny.

228. Defendants repeat and reallege the prior answers as if fully sets forth herein.

229. Paragraph 229 sets for a conclusion of law to which no responsive pleading is required.

230. Paragraph 230 contains legal conclusions to which no responsive pleading is required, otherwise deny.

231. Defendants repeat and reallege the prior answers as if fully sets forth herein.

232. Paragraph 232 contains legal conclusions to which no responsive pleading is required, otherwise deny.

233. Defendants repeat and reallege the prior answers as if fully sets forth herein.

234. Deny, and note that the Court dismissed the Constitutional claims set forth herein.

## AFFIRMATIVE DEFENSES

### FOR A FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's claims.

### FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to establish a justiciable Article III case or controversy.

### FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring the claims asserted in the Third Amended Complaint.

### FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks a cause of action and cannot obtain review under the Administrative Procedures Act (APA) or the United States Constitution.

### FOR A FIFTH AFFIRMATIVE DEFENSE

The sole remaining challenged policy, following the Court's order on the Motion to Dismiss (Dkt. 219), the NTR policy, does not constitute final agency action and therefore Plaintiff's claims under the Administrative Procedure Act are improper.

### FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff challenges decisions committed to agency discretion by law.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

Various statutes bar APA review of Plaintiff's claims.

## FOR AN EIGHT AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's challenge is time-barred by the applicable statute of limitations for challenges to federal statutes and regulations.

## FOR A TENTH AFFIRMATIVE DEFENSE

8 U.S.C. § 1252(f) bars much of the relief sought by Plaintiff.

## FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Although Defendants do not presently have specific facts in support of their remaining defenses, they hereby put Plaintiff on notice that Defendants raise the following affirmative defenses, as set forth in Federal Rule of Civil Procedure 8, should Defendants become aware of facts that support those defenses, including but not limited to: estoppel, res judicata, waiver, and fraud. Defendants reserve the right to assert other defenses as this action proceeds up to, and including, the time of trial.

Date: November 9, 2022            Respectfully submitted,

                                  BRIAN M. BOYNTON
                                  Principal Deputy Assistant Attorney General

                                  WILLIAM C. PEACHEY
                                  Director

                                  EREZ REUVENI
                                  Assistant Director

*/s/ Elissa Fudim*
ELISSA FUDIM
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-6073
Email: elissa.p.fudim@usdoj.gov

*Counsel for Defendants*